UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA JOHNSON, et al., | Case No. 15-cv-04515-TEH |
| Plaintiffs, | |
| v. | **ORDER RE: HEARING ON DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND FOR A MORE DEFINITE STATEMENT** |
| NAPA VALLEY WINE TRAIN, INC., et al., | |
| Defendants. | |

Counsel shall come prepared to address the following questions at the January 25, 2016 hearing on Defendants' motions:

**For Both Parties:**

1. Please explain why the following allegations are or are not sufficient to state a claim under the Americans with Disabilities Act, 42 U.S.C. § 12182:

> Plaintiffs informed Defendants of "mobility issues" in advance of their scheduled trip, and were promised that they would be "accommodated" (FAC ¶¶ 25, 28); Defendants failed to provide attendants to "help [the Neal Plaintiffs] in boarding the train" when they arrived for their trip (*id.* ¶ 32); and Defendants forced the Neal Plaintiffs to "march through six or more Train cars" upon exiting the train (*id.* ¶ 44).

Please provide case law to support your arguments, where possible.

**For Plaintiffs:**

2. Why did you choose to identify the Defendants against whom each cause of action is brought in your original complaint, but leave this identifying information out of the FAC? Do you have any objection to adding just this

United States District Court
Northern District of California

identifying information to the heading of each cause of action upon further amendment of the FAC?

3. Why is your argument that "co-opt[ing] the services of local police" is enough for state action (Opp'n at 16) not foreclosed by *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1211 (9th Cir. 2002), which states that a plaintiff must allege "substantial cooperation" or a conspiracy between Defendants and police to show state action?

In answering Question #3, please address case law stating that a private party's single request for the police to perform their peace-keeping functions does not constitute state action, namely *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986) and *Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir. 2003).

**For Defendants:**

4. Would it be more appropriate for the Court to consider your Motion to Strike Paragraph 149 as a 12(b)(6) Motion to Dismiss, considering the holding in *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010)?

**IT IS SO ORDERED.**

Dated:   01/22/16

_____
THELTON E. HENDERSON
United States District Judge

United States District Court
Northern District of California

2